# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
## Civil Division

| | | |
|---|---|---|
| **DOROTHY MILLNER** | : | |
| Plaintiff | | |
| v. | : | Civil Action NO: 04-1870 |
| | | MAGISTRATE JUDGE |
| **SAFEWAY STORES INC.,** | : | JOHN FACCIOLA (SP) |
| et al., | | |

## PLAINTIFF'S, DOROTHY MILLNER, MOTION TO COMPEL DISCOVERY OF DEFENDANT, SECURPROS

Plaintiff, Dorothy Millner, by and through her Attorney of Record, Joan A. Harvill, respectfully moves the court to grant this Motion to Compel Discovery as to Defendant, Securpros, and as grounds therefore avers the following:

## CERTIFICATE REGARDING DISCOVERY

1. On November 24, 2005, Plaintiff served by mail interrogatories and requests for production of documents upon Defendant, SecurPros.

2. On February 9, 2005, Plaintiff's Attorney sent a letter to Defendant's, SecurPros, Counsel regarding said Defendant's failure to provide any discovery.

3. Subsequently, Defendant's incomplete and sometimes vague answers were filed on March 21, 2005 by mail.

4. On March 30, 2005 Plaintiff's Attorney sent a letter setting forth the many deficiencies in Defendant's Answers and asking Defendant to comply with the Discovery Rules.

5. There was no reply to that request, and on July 19, 2005, Plaintiff's Attorney sent another letter to Defendant's counsel requesting full discovery

6. At one point Defendant responded he would discuss the discovery issues

with Plaintiff's Attorney at the deposition . On September 20, 2005 the deposition of Plaintiff's expert was taken by Defendants, but Defendant's counsel was not present and his Associate Counsel was unable to discuss the discovery issues.

    7.    On September 22, 2005 after a status Hearing in the case, Plaintiff's Attorney asked Defendant's Counsel, Scott Goetsch, to confer regarding the discovery issues. Defendant's Counsel refused and suggested a telephone conference would be appropriate.

    8.    On September 23, 2005 a telephone message was left with Defendant's Counsel asking him to call Plaintiff's Attorney to discuss the discovery issues. There has been no return call regarding the matter from Defendant's Counsel.

Thus it is seen from this recitation of events, Defendant's Counsel declined to attend a face to face meeting with Plaintiff's Attorney to resolve these issues, and does not respond to letters or messages.

                                /ss/ Joan A. Harvill
                                  Joan A. Harvill

## INTERROGATORY ANSWERS NOT PROVIDED

    1.    Plaintiff's Interrogatory 2 asked: Identify all employees, supervisors, agents, officials, security guards on duty at the date, time and place of the events complained of by Plaintiff. Give the name, address and telephone number of each person, and state the role each person identified played in the events complained of by Plaintiff describing all actions taken, words spoken, and describe each place within the store where these events occurred.

Plaintiff's Instructions to the Interrogatories provides:

    "B. Where the name or the identity of a person or business entity

corporation, governmental body is requested, please state the full name of that person, his address, telephone number and business address, if known."

Defendant Answered: It is believed that Andrew Emenanjo and Francis Bovovo were on duty at the date, time and place of the events complained of by the Plaintiff. Both were employed by SecurPros and can be contacted through the defendant. Other than possibly speaking to the Plaintiff, it is not believed either defendant took any action with regard to the Plaintiff.

<u>Points and Authorities:</u>

Defendants answer is evasive and violates the Discovery Rules as it did not provide any identifying information which would have enabled Plaintiff's Investigator or Agents to contact the participants independently of Defendant's counsel.

Federal Rules of Civil Procedure, Rule 26(a)(1)(A) provides a party is required to disclose the following:

> "(1) Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:
> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses,…"

2. Plaintiff's Interrogatory 3 asked: State whether SecurPros Inc., it's employees or agents have been sued in the past 10 years for negligence, negligent supervision, training and hiring, assault and battery, false arrest by a member of the public. If your answer is yes, state the Case number, Title, Court where the action was brought, and the final disposition of each claim.

Defendant answered: Objection. The information requested is irrelevant and

beyond the scope of allowable discovery.

Points and Authorities:

Plaintiff's Complaint, Count Four, sounds in Negligent Supervision, Training and Hiring. Discovery of Prior complaints will lead to discoverable evidence and/or admissible, relevant evidence. The discovery of which is authorized by Rule 26.

3. Plaintiff's Interrogatory 8 asked: Name those persons and give the substance of any and all conversations, communications, statements, signed statements or recorded statements concerning the occurrence.

Defendant Answered: The defendant does not understand the question.

Points and Authorities:

Defendant's Answer is evasive and violates Rule 26(b)(3) which provides:

> " A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party."

4. Plaintiff's Interrogatory 11 asked: Give a concise statement of the facts as to how you contend that the occurrences took place, including all those events at the building in question and identify each actor to each event with particularity describing what was said to whom by whom and where each actor was located either to each other during the exchange and/or in proximity to Plaintiff at the time.

Defendant Answered: Defendant is not aware that any occurrences of substance took place.

Points and Authorities:

Defendant's Answer violates Rule 26, and is deliberately vague to avoid providing Plaintiff with the sworn contentions of Defendant regarding the events. According to Rule 26 vague, incomplete answers constitute non-answers subject to a

Motion to Compel Discovery.

5. Interrogatory 25 asked: Describe what training, what criteria for hiring, and what supervision you provided to your agents, employees who were involved in the events complained of by Plaintiff.

Defendant Answered: Objection. The question is overly broad and seeks information not relevant to the case. Without waiving this objection, the defendant states that it conducts extensive training, most all of which would be irrelevant to the issues in this case. The defendant will respond to an appropriately limited question.

<u>Points and Authorities:</u>

Defendant's objection is without merit. The information sought is highly relevant in a case where negligent training, hiring and supervision is alleged. It is specifically worded and is discoverable under Rule 26.

<u>REQUESTS FOR PRODUCTION OF DOCUMENTS:</u>

6. Request 2 asked: Provide the training manual for SecurPros police or security guard or detective force, with the training records maintained on all security guards, store police, store detectives, employees or agents and their supervisors who were on duty at the date and times in question and who had any interaction with Plaintiff. Provide those documents that show how frequently training is updated, and that show whether there are any ongoing seminars, workshops, or on the job training that occurs, and if so, how frequently.

Defendant Answered: Objection. There are voluminous training material of different formats that are utilized in training SecurPros personnel. These apply to different aspects of their employment most of which has nothing to do with this case.

The defendant will produce material in response to a properly narrowed request.

Points and Authorities:

Again, Defendant's reply is vague, without merit and designed to avoid discovery. In a case where negligent training is averred, the training manual is relevant evidence. Defendant's refusal to provide it violates Rule 26.

7. Request 6 asked: Provide all SecurPros security guard or police General Orders, Building Site Orders, Rules, Regulations, Policies and Procedures governing the investigative procedures to be followed by security guards, store police, store detectives, your agents, employees, and their supervisors and governing suspected shop lifters or wrong doers in the store, governing touching of customers, governing detaining customers, governing search and seizure of customers or their belongings, governing arrest of customers, governing probable cause to detain or arrest or search customers.

Defendant Answered: Objection. Again the defendant does not understand this request.

Points and Authorities:

Defendant's objection is without merit, especially since this request is very specific as to what information is sought. The information sought is relevant evidence in a claim of negligence, negligent supervision, training and hiring. Defendant's response violates Rule 26 and constitutes a non-answer subject to a motion to compel discovery.

8. Request 7 asked: Provide all SecurPros Policies and Procedures, Security Guard or Police General Orders, Building Site Orders, Rules, regulations governing disciplinary procedures to be followed when disciplining security guards or supervisory security guards for infractions of their duties.

Defendant Answered: Objection. This request seeks material not relevant to the case at hand.

Points and Authorities:

Defendant's answer is a non-answer that violates Rule 26. In a case that alleges negligent supervision the disciplinary policies, if any, constitutes relevant evidence or may lead to same.

9. Request 12 asked: Provide copies of any signed or recorded statements, or videos of any depiction of events from any security cameras installed in the building in question.

Defendant Answered: The defendant is not aware of any such statements.

Points and Authorities:

Defendant's answer is incomplete and vague as it does not address the issue of videotapes of the events. Again violative of Rule 26.

10. Request 14 asked: Provide Plaintiff with an opportunity to examine or provide copies of any photographs, plats, diagrams or objects connected to the events in question.

Defendant Answered: Copies of discoverable photos of the store will be provided upon request.

Points and Authorities:

Defendant's Answer is incomprehensible. This was Plaintiff's Request for Photographs, and they were not provided.

11. Request 15 asked: Provide any and all documents, electronic recordings, memos, reports, police reports, incident reports, customer complaints pertaining to any

and all criminal activity or complaints about the security guard services that took place in the building in question and neighboring buildings for three years prior to the events in question.

Defendant Answered: Objection. The material requested is irrelevant and not discoverable in this lawsuit.

Points and Authorities:

This law suit involves claims of negligent hiring, training and supervision. Prior complaints by customers about security guard services constitutes admissible evidence relevant to this case. Defendant's refusal to provide what may prove to be incriminating evidence is violative of Rule 26.

12. Request 18 asked: Provide copies of SecurPros Security Guard or Police Policies and Procedures, General Orders, Rules, Regulations governing hiring requirements for police security guard forces and police security guard supervisory personnel including promotion Policies, Procedures for supervisory personnel.

Defendant Answered: Objection. The request is overly broad and burdensome and requests information that is not relevant to this case.

Points and Authorities:

Again Defendant's objection is without merit. Especially in this case where negligent hiring is alleged. Defendant's policies regarding hiring is relevant evidence or may lead to same and is discoverable under Rule 26.

CONCLUSION:

Defendant, SecurPros, in many instances as shown herein attempted to evade providing meaningful discovery. F.R.C.P. 37 provides a motion to compel discovery is

warranted where a party files evasive, incomplete answers that constitute non-answers as Defendant did as set forth herein.

WHEREFORE, for the reasons set forth herein and in the pleadings on file, Plaintiff, Dorothy Millner, respectfully moves this Motion to Compel Discovery be granted, and Defendant, SecurPros be required to provide full and complete Discovery within 10 days of the date this Motion is granted.

   /ss/     Joan A. Harvill
Joan A. Harvill
Attorney for Plaintiff
1000 Connecticut Avenue N.W.
Suite 600
Washington, D.C. 20036
(202) 466-6346

CERTIFICATE OF SERVICE:

I certify a copy of Plaintiff's Motion to Compel Discovery was electronically filed with the court and electronically served upon the following on October 18, 2005: Kevin Kernan, Esq., 888 17th Street N.W., Suite 1000, Washington, D.C. 20036. Scott D. Goetsch, Esq., 305 Washington Avenue, Towson, MD 20214.

   /ss/     Joan A. Harvill
Joan A. Harvill

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

**DOROTHY MILLNER**                         :
       **Plaintiff**

| | |
|---|---|
| **v.** | **: Civil Action No: 04-1870** |
| | **Magistrate John Facciola (SP)** |
| **SAFEWAY STORES et al.,** | **:** |
| **Defendants** | |

# ORDER

Upon consideration of Plaintiff's, Dorothy Millner, Motion to Compel Discovery from Defendant, SecurPros, the pleadings on file, and for good cause shown,

It is Hereby Ordered that,

Plaintiff's Motion to Compel Discovery is granted. The Discovery requested shall be provided within 10 days of the date of this Order.

DATED:_____          SIGNED:_____
                                            MAGISTRATE JUDGE JOHN FACCIOLA

COPIES TO:

Joan A. Harvill, Esq.
1000 Connecticut Avenue N.W.
Suite 600
Washington, D.C. 20036

Kevin Kernan, Esq.
888 17th Street N.W.
Suite 1000
Washington, D.C. 20036

Scott Goetsch, Esq.,
305 Washington Avenue
Towson, MD 20214