UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOROTHY MILNER,<br><br>    Plaintiff,<br><br>    v.<br><br>SAFEWAY STORES, INC., SECURITY PROTECTIVE SERVICES, INC.,<br>    Defendants. | Civil Action No. 04-1870 (JMF) |

**MEMORANDUM OPINION**

This case was referred to me for all purposes including trial. Currently pending and ready for resolution is <u>Plaintiff's, Dorothy Millner [sic], Motion to Compel Discovery of Defendant, Securpros</u> ("Plains. Mot."). For the reasons stated below, plaintiff's motion will be granted in part and denied in part.

**BACKGROUND**

On November 3, 2003, plaintiff, Dorothy Milner, went to the Safeway grocery store located at 322 40th Street, NW to buy groceries. Plaintiff claims that, when she entered the store, she had a bag with her that contained previously purchased groceries. Plaintiff asked one of the store employees what to do with the groceries and was told to leave them with the security guard. After she had finished her shopping, plaintiff went to get her bag but couldn't find the guard with whom she had left her bag. Plaintiff then claims that she was approached by a person in plain clothes who touched her in an offensive manner, said in a loud voice that he was the store police, and told her to come with him. Plaintiff accompanied this individual to the courtesy counter,

where her belongings had been dumped on the counter. After plaintiff was able to prove that the items were hers, she was released. Plaintiff is suing defendants, Safeway Stores, Inc., ("Safeway") and Protective Services, Inc., ("SecurPros") for 1) assault and battery, 2) false arrest, 3) negligence, and 4) negligent hiring, training, and supervision.

## LEGAL STANDARD

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Relevance in this context is broadly construed. Doe v. District of Columbia, No. 03-CV-1789, 2005 WL 1787683, at *2 (D.D.C. July 5, 2005) (citations omitted).

## DISCUSSION

Plaintiff's motion to compel seeks the discovery of additional answers to interrogatories and the discovery of additional documents. Each will be considered in the order presented in plaintiff's motion.

### Interrogatories

I.  Interrogatory Number 2 asked:

> Identify all employees, supervisors, agents, officials, security guards on duty at the date, time and place of the events complained of by Plaintiff. Give the name, address and telephone number of each person, and state the role each person identified played in the events complained of by Plaintiff describing all actions taken, words spoken, and describe each place within the store where these events occurred.

Plains. Mot. at 2.

Plaintiff's Instructions to the Interrogatories also provided:

> Where the name or identity of a person or business entity corporation, governmental body is requested, please state the full name of that person, his address, telephone number and business address, if known.

Id. at 2-3.

Plaintiff complains that defendant's answer is incomplete because it does not provide her with "any identifying information which would have enabled Plaintiff's Investigator or Agents to contact the participants independently of Defendant's counsel." Plains. Mot. at 2. SecurPros identified by name its two employees but did not provide plaintiff with their addresses or phone numbers. Instead, it initially indicated that they could be contacted "through the defendant." In its response to plaintiff's motion, however, SecurPros describes these employees as "former employees" and indicates that it believes that it has already provided plaintiff's counsel with their last known addresses. Response to Motion to Compel ("Response") at 1. I would appreciate SecurPros' counsel making sure that it has made the addresses available to plaintiff's counsel and also sending her whatever phone numbers he may have.

II.   Interrogatory Number 3 asked:

> State whether SecurPros Inc., it's [sic] employees or agents have been sued in the past 10 years for negligence, negligent supervision, training and hiring, assault and battery, false arrest by a member of the public. If your answer is yes, state the Case number, Title, Court where the action was brought, and the final disposition of each claim.

Plains. Mot. at 3.

Defendant objected on the grounds that the information sought was irrelevant and beyond the scope of allowable discovery. Id. at 3-4.  Defendant also objected to the 10 year time-frame sought by plaintiff. Response at 1.

The information plaintiff seeks is not irrelevant.  Rather, as I have noted on numerous occasions, while evidence of prior bad acts "is never admissible simply to establish a propensity to engage in similar acts . . . [p]rovided its relevance outweighs its tendency to prejudice the opponent of the evidence unfairly," evidence of prior bad acts similar to those charged "have been admitted to show for example, motive or intent." Morgan v. Federal Home Loan Mortgage Corp., 197 F.R.D. 12, 16 (D.D.C. 2000) (citations omitted).  Thus, in the case at bar, defendant must provide information as to those instance in which it was sued for 1) assault and battery, 2) false arrest, 3) negligence, and 4) negligent hiring, training, and supervision.

As for the ten year time frame sought by plaintiff, the court will limit the relevant period to a six year span before the event in question.  See Mitchell v. Nat'l R.R. Passenger Corp., 217 F.R.D. 53, 57 (D.D.C. 2003).

III.   Interrogatory Number 8 asked:

> Name those persons and give the substance of any and all conversations, communications, statements, signed statements or recorded statements concerning the occurrence.

Plains. Mot. at 4.

Defendant objected on the grounds that the interrogatory seeks various statements but does not identify the speaker. Response at 1.

Defendant's objection will be upheld.  Without more detailed information as to whose statements are sought, defendant cannot respond.

IV.   Interrogatory Number 11 asked:

> Give a concise statement of the facts as to how you contend that the occurrences took place, including all those events at the building in question and identify each actor to each event with particularity describing what was said to whom by whom and where each actor was located either to each other during the exchange and/or in proximity to Plaintiff at the time.

Plains. Mot. at 4.

Defendant objected on the grounds that it is "unaware of any occurrences of substance that took place." Id.

Plaintiff accuses defendant of being "deliberately vague to avoid providing Plaintiff with the sworn contentions of Defendant regarding the events." Plains. Mot. at 4. But, as I read defendant's answer, it is a sworn contention that what plaintiff claims happened did not. I appreciate that it is more typical for parties to agree that something happened and differ as to the particulars. In this case, defendant is saying that what plaintiff claims to have occurred never did. While that may out of the ordinary, defendant cannot be forced to give a more detailed answer than the one it gave when the one it gave is what it claims to be the truth. I will hold the defendant to that representation but I do not have any basis to compel any greater response.

V.   Interrogatory Number 25 asked:

> Describe what training, what criteria for hiring, and what supervision you provided to your agents, employees who were involved in the events complained of by Plaintiff.

Plains. Mot. at 5.

Defendant objected on the grounds that the question is overly broad and seeks a "great deal of irrelevant information. Response at 1. Defendant also contends that what it calls "training materials" have already been turned over to plaintiff. Id.

Information as to how the guards are trained with respect to interactions with members of the public, particularly where the guards suspect that an individual may have stolen something from the store, is most certainly relevant to plaintiff's negligence claims. See e.g. Doe v. District of Columbia, No. 03-CV-1789, 2005 WL 1787683, at *6. Defendant should also indicate in response to this interrogatory how the persons alleged to have been involved with plaintiff were being supervised that day and the criteria for hiring such employees, to include whether or not they have criminal records.

**Requests for Production of Documents**

I.   Request Number 2 asked:

> Provide the training manual for SecurPros police or security guard or detective force, with the training records maintained on all security guards, store police, store detectives, employees or agents and their supervisors who were on duty at the date and times in question and who had any interaction with Plaintiff. Provide those documents that show how frequently training is updated, and that show whether there are any ongoing seminars, workshops, or on the job training that occurs, and if so how frequently.

Plains. Mot. at 5.

Defendant objected on the grounds that there are voluminous training materials and that the request is too broad. Id. at 5-6.

Consistent with my ruling as to Interrogatory 25, defendant will provide the following: (a) the portion or section of any training manual SecurPros maintains that deals with how the guards are trained with respect to interactions with members of the public, particularly where the guards suspect that an individual may have stolen something from the store and (b) the training records of the two employees who interacted with plaintiff and of the supervisor on duty that day (if any) pertaining to the topic identified in subsection (a).

II.      <u>Request Number 6</u> asked:

> Provide all SecurPros security guard or police General Orders, Building Site Order, Rules, Regulations, Policies and Procedures governing the investigative procedures to be followed by security guards, store police, store detectives, your agents, employees, and their supervisors and governing suspected shop lifters or wrong doers in the store, governing touching of customers, governing detaining customers, governing search and seizure of customers or their belongings, governing arrest of customers, governing probable cause to detain or arrest or search customers.

Plains. Mot. at 6.

Defendant initially objected on the grounds that it did not understand the request. Plains. Mot. at 6. Defendant has since stated that information relating to site orders and investigative procedures had already been provided and that information relating to the search of a customer's bag was not relevant because plaintiff, at her deposition, did not testify that her bag was searched. Response at 2.

Since plaintiff filed no reply, and I am unclear as to what exactly plaintiff received, I will require defendant to turn over all materials that specify the procedures to be followed when its employees suspect that a person may have stolen or shop lifted an item, insofar as it has not already done so and insofar as those materials have not been turned over pursuant to Request Number 2.

III.     <u>Request Number 7</u> asked:

> Provide all SecurPros Policies and Procedures, Security Guard or Police General Orders, Building Site Orders, Rules, regulations governing disciplinary procedures to be followed when disciplining security guards or supervisory security guards for infractions of their duties.

Plains. Mot. at 6.

Defendant objected on the grounds that information about the disciplining of defendant's employees is not relevant. Response at 2.

It bears, however, on plaintiff's claim of negligent supervision upon what I suppose would be a theory that, if the two persons involved with her were not disciplined for their behavior and should have been, their not being disciplined may establish negligent supervision. While that is a stretch, it is close enough to "likely to lead to relevant evidence"[1] that I will require defendant to produce any materials that indicate under what circumstances an employee may be disciplined for a violation of company policy pertaining to interaction with the public, including suspected shoplifters.

IV.    Request Number 12 asked:

>   Provide copies of any signed or recorded statements, or videos of any depiction of events from any security cameras installed in the building in question.

Plains. Mot. at 7.

Defendant indicated that it was not aware of any such statements, videos, or security camera product. Response at 2.

Defendant has sufficiently answered plaintiff's request. Defendant cannot provide what it does not have.

V.    Request Number 14 asked:

>   Provide Plaintiff with an opportunity to examine or provide copies of any photographs, plats, diagrams or objects connected to the events in question.

Plains. Mot. at 7.

---

[1] Fed. R. Civ. P. 26(b)(1).

        Defendant indicated that it would provide copies of photos of the store.

        Plaintiff's request is moot.

VI.     Request Number 15 asked:

> Provide any and all documents, electronic recordings, memos, reports, police reports, incident reports, customer complaints pertaining to any and all criminal activity or complaints about the security guard services that took place in the building in question and neighboring buildings for three years prior to the events in question.

Plains. Mot. at 7-8.

Defendant objected on the grounds that the material requested was not relevant. Response at 2.

      Information pertaining to all criminal activity that took place in the building in question and neighboring buildings for three years prior to November 2, 2003 is irrelevant. There is no claim by plaintiff or defendant that a crime was committed, nor would evidence of other criminal activity in the vicinity and in the Safeway store at issue make it more likely than not that plaintiff was assaulted and battered or falsely arrested by SecurPros' personnel or that SecurPros was negligent, and negligently supervised, trained and hired its personnel.

      Information pertaining to complaints about the two named security guards that were working on November 2, 2003 for three years prior to the incident is relevant to plaintiff's claim. While this does not make it more likely than not that the guards acted in a similar fashion on November 2, 2003, it may be used to show that SecurPros was negligent in the training and supervision of these guards. Bregman v. District of Columbia, 182 F.R.D. 352, 357 (D.D.C. 1998).

VII.    Request Number 18 asked:

> Provide copes of SecurPros Security Guard or Police Policies and

>Procedures, General Orders, Rules, Regulations governing hiring requirements for police security guard forces and police security guard supervisory personnel including promotion Policies, Procedures for supervisory personnel.

Plains. Mot. at 8.

Defendant first objected on the grounds that the request was overly broad and that the material requested was not relevant but later indicated that relevant materials were provided. Plains. Mot. at 8; Response at 2.

Information regarding the hiring and promotion of SecurPros guards is relevant to plaintiff's negligent hiring, training and supervision claim insofar as it seeks information that relates to the hiring of all persons who occupied the positions of the persons who interacted with plaintiff and their supervisors. Materials containing such information will have to be turned over.

An Order accompanies this Memorandum Opinion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Date: